

**ORDERED in the Southern District of Florida on November 27, 2012.**

          **Paul G. Hyman, Chief Judge**
          **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                    CASE NO.: 10-26493-BKC-PGH

I.D. Interactive, LLC,                        CHAPTER 7
     Debtor(s)._____/

Deborah C. Menotte,                        ADV. NO.: 12-01433-BKC-PGH-A
     Plaintiff,

v.

Eric Cherry,
     Defendant._____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO COUNT I OF PLAINTIFF'S COMPLAINT**

     **THIS MATTER** came before the Court on August 27, 2012, upon Eric Cherry's (the "Defendant") *Motion for Summary Judgment* (the "Motion for Summary Judgment") (ECF No. 6) against Deborah C. Menotte (the "Plaintiff"), as Chapter 7 Trustee for I.D. Interactive, LLC (the "Debtor"). The Motion for Summary Judgment

1

seeks entry of judgment in the Defendant's favor with respect to Count I of the Plaintiff's *Complaint* (ECF No. 1).

In Count I of the Complaint, the Plaintiff, pursuant to 11 U.S.C. § 547(b), seeks avoidance of two allegedly preferential transfers made by the Debtor to the Defendant within the one-year period preceding the date of the filing of the Debtor's Chapter 7 petition — June 11, 2010 (the "Petition Date"). Under certain statutorily prescribed circumstances:

> [T]he trustee may avoid any transfer of an interest of the debtor in property . . .
>
> (1) to or for the benefit of a creditor; . . .
>
> (4) made--
>
>> (A) on or within 90 days before the date of the filing of the petition; or
>>
>> (B) between ninety days and one year before the date of the filing of the petition, *if such creditor at the time of such transfer was an insider*[.]

11 U.S.C. § 547(b) (emphasis added). The Plaintiff alleges that the Defendant, a creditor of the Debtor, received two transfers from the Debtor on June 24, 2009, and August 9, 2009 (the "2009 Transfers"), and that at the time of these transfers, the Defendant was an insider of the Debtor. Compl., ¶ 16 – 17 and Ex. A. The Plaintiff thus relies on the one-year look-back period prescribed in 11 U.S.C. § 547(b)(4)(B), which applies only to transfers to insiders.[1] However, in his Motion for Summary

---

[1] The Bankruptcy Code defines "insider" to include: "if the debtor is a corporation -- (i) director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer, or person in control of the debtor[.]" 11 U.S.C. § 101(31)(B).

2

Judgment, the Defendant asserts that: (1) he was never an "insider" of the Debtor; (2) the 2009 Transfers occurred more than six months prior to the Petition Date, far outside the 90-day look-back period governing transfers to non-insiders; and (3) as a result, he is entitled to summary judgment[2] as to Count I of the Plaintiff's Complaint.

The Defendant attached an Affidavit to his Motion for Summary Judgment in which he swears that (1) he "was not an insider of the Debtor at any time in the past[]"; (2) he "was not a member or managing member of the Debtor, nor . . . [had] any control of the Debtor[]"; and (3) he "received no payments from the Debtor within 90 days prior to the Petition Date." *See* Mot. for Summ. J., Ex. A. Furthermore, upon the Defendant's filing of the Motion for Summary Judgment, the Court issued an *Order Setting Briefing Schedule* (ECF No. 7) (the "Briefing Order"), which set a deadline for the Plaintiff to respond to the Defendant's Motion for Summary Judgment. The Briefing Order also stated that the "[f]ailure to file a timely Response may result in the Court granting the Motion." Briefing Order, ¶ 2. The deadline by which the Plaintiff was to file a response

---

[2] Federal Rule of Civil Procedure 56(a), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he courts shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the movant bears "the initial burden to demonstrate to the … court the basis for its motion … and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact." *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993) (citation omitted). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d. 202 (1986)).

was November 19, 2012.[3] As of the date of this Order, the Plaintiff has not filed a response to the Defendant's Motion for Summary Judgment.

Because the Defendant submitted with his Motion for Summary Judgment an Affidavit swearing that he was never an insider of the Debtor and because the Plaintiff failed to respond in any way to the Motion for Summary Judgment, the Court finds that there is no genuine dispute that the Defendant was not an insider of the Debtor at the time of the 2009 Transfers. As a result, the one-year look-back period prescribed by § 547(b)(4)(B) is inapplicable, and the standard 90-day look-back period instead governs the Plaintiff's preference action. Furthermore, the Defendant swears in his Affidavit that he received no payments from the Debtor within 90 days prior to the Petition Date. Again, the Plaintiff failed to respond to the Defendant's Motion for Summary Judgment, and in fact, none of the transfers listed by the Plaintiff in Exhibit A, attached to the Complaint, occurred within 90 days of the Petition Date. Accordingly, the Court finds that there is no genuine dispute that the Defendant received no payments from the Defendant within 90 days prior to the Petition Date.

Therefore, the Court grants the Defendant's Motion for Summary Judgment as to Count I of the Plaintiff's Complaint for the reasons that follow: (1) the one-year look-back period prescribed by § 547(b)(4)(B) is inapplicable because the Defendant was not an insider of the Debtor at the time of the 2009 Transfers; (2) because the Defendant is a non-insider, the 90-day look-back period prescribed in § 547(b)(4)(A) governs the

---

[3] The original deadline set by the Court for the Plaintiff to file a Response was September 19, 2012. However, by *Agreed Order Granting Trustee's Agreed Motion to Extend Time to Respond* (ECF No. 15),

Plaintiff's preference action; (3) the Defendant received no payments from the Debtor within 90 days prior the Petition Date; and (4) the Defendant is entitled to judgment as a matter of law because the Plaintiff cannot satisfy one of the necessary elements of § 547(b) — that the Defendant received a payment from the Debtor within the applicable look-back period.

The Court, being fully advised in the premises and for the reasons discussed above, hereby **ORDERS AND ADJUDGES** that:

1. The Defendant's Motion for Summary Judgment is **GRANTED**.
2. The 2009 Transfers, which are listed in Exhibit A of the Plaintiff's Complaint, are not avoidable by the Plaintiff pursuant to 11 U.S.C. § 547(b).
3. Judgment as to Count I of the Plaintiff's Complaint shall be entered in favor of the Defendant.

###

Copies Furnished To:

Jason S Rigoli, Esq.

Joe M. Grant, Esq.

Deborah C. Menotte, Trustee

---

the Court extended the deadline to November 19, 2012.